# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY VINSON, ex rel. L.V. a minor, | ) ) ) |
| Plaintiff, | ) ) No. 17 C 9255 |
| v. | ) ) Magistrate Judge M. David Weisman ) |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) ) ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Mary Vinson brings this action on behalf of L.V., a minor, pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying L.V.'s application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff, on behalf of L.V., applied for supplemental security income on July 25, 2014, alleging a disability onset date of July 1, 2014. (R. 58-59.) The application was initially denied on January 16, 2015, and again after reconsideration on July 7, 2015. (R. 58, 68.) Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"), which was held on November 1, 2016. (*See* R. 29-49.) On December 23, 2016, the ALJ denied plaintiff's application. (*See* R. 13-24.) The Appeals Council denied review (R. 1-4), leaving the ALJ's decision as the final decision of the SSA. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

The ALJ used the three-part, sequential test for determining whether a child is disabled, considering whether: (1) L.V. had performed any substantial gainful activity during the period for which she claims disability; (2) she has a severe impairment or combination of impairments; and (3) her impairment meets, medically equals, or functionally equals a listed impairment. (R. 14); *see* 20 C.F.R. § 416.924(b)-(d). In determining whether an impairment functionally equals a listing, the ALJ must consider the child's functioning in six domains: (1) "[a]cquiring and using information"; (2) "[a]ttending and completing tasks"; (3) "[i]nteracting and relating with others"; (4) "[m]oving about and manipulating objects"; (5) "[c]aring for [one]self"; and (6) "[h]ealth and physical well-being." 20 C.F.R. § 416.926a(g)-(l). An impairment or combination of impairments functionally equals a listing if the child has "marked" limitations in two of the domains or an "extreme" limitation in one of the domains. 20 C.F.R. § 416.926a(d). A "marked" limitation is one that is "'more than moderate' but 'less than extreme.'" 20 C.F.R. § 416.926a(e)(2)(i). A child has a "marked" limitation when her "impairment(s) interferes seriously with [her] ability to independently initiate, sustain, or complete activities." *Id.* An "extreme" limitation is the "rating . . . give[n] to the worst limitations," though it does not "necessarily [require] a total lack or loss of ability to function." 20 C.F.R. § 416.926a(e)(3)(i).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the date of her application. (R. 16.) At step two, the ALJ found that plaintiff has the severe impairments of "learning disorder, attention deficit hyperactivity disorder, and an adjustment disorder." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment that meets, medically equals, or functionally equals a listed impairment. (*See* R. 17-24 (finding that plaintiff has a marked impairment in the domain of acquiring and using information but has a less than

marked or no limitation in the other five domains).) Thus, the ALJ concluded, plaintiff is not disabled. (R. 24.)

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Plaintiff argues that the ALJ's determination that L.V. is not markedly limited in the domain of attending and completing tasks is not supported by substantial evidence. This domain concerns how well a child "[is] able to focus and maintain [her] attention, and how well [she] begin[s], carr[ies] through, and finish[es] [her] activities, including the pace at which [she] perform[s] activities and the ease with which [she] change[s] them." 20 C.F.R. § 416.926a(h); *see Taylor ex rel. T.L. v. Colvin*, No. 15 CV 3176, 2016 WL 6774230, at *12 (N.D. Ill. Nov. 14, 2016) ("Attention involves a child's level of alertness, ability to filter out distractions, and capacity to change focus when interruptions occur."). Children L.V.'s age:

> Should be able to focus [their] attention in a variety of situations in order to follow directions, remember and organize [their] school materials, and complete classroom and homework assignments. [They] should be able to concentrate on details and not make careless mistakes in [their] work (beyond what would be expected in other children [their] age who do not have impairments). [They] should be able to change [their] activities or routines without distracting [themselves] or others, and stay on task and in place when appropriate. [They] should be able to sustain . . . attention well enough to participate in group sports, read by [themselves], and complete family chores. [They] should also be able to complete

> a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

20 C.F.R. § 416.926a(h)(2)(iv).

With respect to this domain, the ALJ said:

> The claimant exhibits distractible behavior and has difficulty concentrating. She does not keep busy on her own, finish things she starts, completes [sic] homework or completes [sic] chores. She does enjoy working on arts and crafts projects. While she is on in [sic] IEP and receives both in class and out-of-class assistance, she is able to apply what she learns and is obtaining passing grades.

(R. 20.) However, the fact that L.V. can apply what she learns and is receiving passing grades, though relevant to the domain of acquiring and using information, is not relevant to the domain of attending and completing tasks. *See* 20 C.F.R. § 416.926a(g) (stating that the acquiring and using information domain concerns "how well you acquire or learn information, and how well you use the information you have learned"). Further, the other facts the ALJ cites—that L.V. is distractable, has trouble concentrating, does not keep busy on her own, and does not finish homework, chores, or anything else she starts—contradict the ALJ's conclusion that L.V. is not markedly limited in this domain. Because the ALJ did not "build a logical bridge from [the] evidence to [her] conclusion," this case must be remanded.[1] *Villano*, 556 F.3d at 562.

We are not persuaded by the SSA's harmless error argument. The SSA argues that this Court can predict that "remand would not lead to a different result" because the ALJ would adopt the opinions of the agency medical reviewers that L.V. has a less than marked limitation in attending to and completing tasks. (ECF 29 at 5-6.) We respectfully disagree. The ALJ rejected the reviewers' opinions that L.V. does not have a marked limitation in the domain of acquiring and using information. (*See* R. 19-20, 53, 63.) Thus, we lack any sense of certainty that the ALJ

---

[1] Because the ALJ's credibility determination/symptom evaluation is related to the functional equivalence analysis, that issue will have to be revisited on remand as well.

would adopt the opinions of these same medical sources with respect to L.V.'s limitation in the domain of attending to and completing tasks. Because we cannot say "with great confidence what the ALJ would do on remand," *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011), we reject the SSA's contention that any error the ALJ made with regard to the degree of L.V.'s limitation in attending to and completing tasks is harmless.

## Conclusion

For the reasons set forth above, the Court reverses the SSA's decision, and remands this case to the SSA for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED:** October 31, 2018

_____

**M. David Weisman
United States Magistrate Judge**